Argued January 6, reversed July 27, 1954

IN THE MATTER OF THE LAST WILL AND TESTAMENT OF
THE ESTATE OF JOHN PERSON, DECEASED

PIERSON ET AL. *v.* HOVERSON, ADMINISTRATOR ET AL.
272 P. 2d 616

*Peter A. Schwabe,* Portland, argued the cause for appellants. On the brief were Robert D. Lytle, Vale, Roy Kilpatrick, Canyon City, W. F. Schroeder, Vale, and Haas & Schwabe, Portland.

*George H. Brewster,* Redmond, argued the cause for respondents. With him on the brief was Gordon Wilson, John Day.

PER CURIAM.

This is a will contest brought by John Pierson and George Pierson, nephews and heirs at law of John Person, deceased. The will, executed by decedent on April 20, 1948, when he was 86 years of age, left his

estate to one Eva Fletcher who conducted a rest home at which decedent was staying, and was executed 76 days after decedent became acquainted with her.

It appears that after decedent suffered a stroke he was hospitalized for a period of five weeks. Thereafter John Pierson, his nephew, was appointed guardian of his person and estate. Approximately five months before the execution of the will, proceedings were had before Circuit Judge Biggs to remove the guardianship. After trial the petition was dismissed. Later the nephew resigned as guardian and C. W. Brown was substituted. Brown had no notice whatsoever of the execution of the will. Clause four of the will is as follows:

"In view of the fact that Mrs. Eva Fletcher has agreed to take care of me during the rest of my natural lifetime, I do leave her all of the rest, residue and remainder of my property, both real and personal, of which I may die possessed."

It was conceded that no agreement as noted in the will was entered into. The record shows that Mrs. Fletcher was receiving $200.00 a month from the guardian for decedent's care.

The contest is based upon undue influence and the incompetency of decedent to make a will. The trial court found against contestants; hence their appeal.

The trial of the case occupied seven days. The transcript of testimony before us consists of three volumes, or 715 pages. We have carefully considered the evidence, briefs and arguments of counsel and are of the opinion that, at the time of the execution of the will, testator was wholly mentally incompetent.

Reversed.